# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

**MELODY ROSE JONES,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

Case No. 2:19-cv-147
Crim. No. 2:16-cr-00166
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On April 25, 2019, the Magistrate Judge issued an Order and Report and Recommendation, denying the Motion to Appoint Counsel and recommending that the Motion to Vacate under 28 U.S.C. § 2255 be denied. ECF 90. Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. ECF 91. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection, ECF 91, is **OVERRULED**. The Order and Report and Recommendation, ECF 90, is **ADOPTED** and **AFFIRMED**. The Motion to Appoint Counsel, ECF 80, is **DENIED**. The Motion to Vacate under 28 U.S.C. § 2255, ECF 79, is **DENIED**, and this action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

On May 31, 2017, Petitioner pleaded guilty pursuant to the terms of her negotiated Superseding Plea Agreement to charges under 18 U.S.C. § 641 and 18 U.S.C. § 1028A and also agreed to the forfeiture of property derived or

obtained as a result of those charges. ECF No. 45, PAGEID # 124-25. At that time, she was represented by court-appointed counsel, Attorney Steven S. Nolder. Nonetheless, she now asserts she was denied the effective assistance of counsel based on the representation of her prior court-appointed counsel, Attorney Joseph R. Landusky, II, thereby resulting in a guilty plea that was not knowing, intelligent, or voluntary. The Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the recommended dismissal of this action as well as the denial of her request for the appointment of counsel. She indicates that she has limited resources and access to legal material due to her incarcerated pro se status. She again argues that she entered her guilty plea and was denied due process based on gross misrepresentations from Attorney Landusky. She disagrees with the facts set forth in the Affidavit of Joseph R. Landusky, II, ECF 88-1, submitted in response to her allegations. She disputes the statement of facts that she agreed to at the time of her guilty plea. Petitioner also again seeks a reduction of her sentence in view of health issues.

However, Petitioner's status as a pro se incarcerated prisoner is not atypical in § 2255 proceedings and does not justify the appointment of counsel on her behalf. Further, the record fails to reflect that an evidentiary hearing is required or that Petitioner's claims are unusual or complex that the interests of justice require the appointment of counsel. See 18 U.S.C. §§ 3006A(a)(2), 3006A(a)(2)(B). For the reasons detailed in the Magistrate Judge's Order and

Report and Recommendation, the record plainly does not support Petitioner's claim that she was denied the effective assistance of counsel or that her guilty plea was not knowing, intelligent, and voluntary. These allegations are belied by statements Petitioner made under oath at the time of entry of her guilty plea. Moreover, the record does not reflect any basis for relief on Petitioner's claim of the denial of the effective assistance of counsel by an attorney who had no involvement in the final resolution of her case. Further, and as previously discussed, the record does not reflect any basis to permit this Court to reduce or modify Petitioner's sentence.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would

3

find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claims. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**